UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Dawn James, | ) | CASE NO. 1:24 CV 562 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James E. Grimes, Jr. (Doc. 13) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## FACTS

Only those facts necessary for a resolution of plaintiff's objections are set forth herein. Plaintiff Dawn James ("James") filed an application for Social Security Disability Insurance Benefits ("DIB") in October 2020, alleging a disability-onset date in February 2010. James later revised her onset date to January 2018. Defendant Commissioner of Social Security ("Commissioner") denied James's application initially and on reconsideration. James then requested a hearing before an

Administrative Law Judge ("ALJ"). In March 2023, the ALJ held an administrative hearing where James (represented by counsel) and a vocational expert ("VE") testified. In April 2023, the ALJ determined James was not entitled to DIB.

In May 2023, James appealed the ALJ's decision to the Appeals Council. In January 2024, the Appeals Counsel denied James's appeal, making the ALJ's April 2023 decision the final decision of the Commissioner. James timely filed a complaint in this Court on March 26, 2024, seeking review of the Commissioner's final decision. James alleged two assignments of error. The R&R recommends rejecting both assignments of error. James objects to both recommendations.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**<u>ANALYSIS</u>**

In her objections to the R&R, James contends that (1) the ALJ failed to properly consider all the evidence in determining James's residual functional capacity ("RFC"), and (2) the ALJ's determination that James actually performed her past relevant working at the light exertional level is not supported by substantial evidence. Both "objections," however, amount to nothing more than a disagreement with how the ALJ weighed the record evidence, which is not grounds to reverse the ALJ's decision.

First, James insists that the ALJ failed to properly consider all the evidence in determining James's RFC. Specifically, James contends that "[t]he ALJ failed to consider objective findings contained in the treatment notes" by "improperly elevat[ing] the importance of imaging evidence

above clinical findings despite both being objective evidence" and that "clinical findings of joint pain, swelling, and tenderness were prevalent throughout the record, and the ALJ failed to explain how the clinical findings were insufficient to support the veracity of [James's] allegations." (Doc. 14, at 1, 3–4.) James then details several instances of treatment notes and her own testimony about her symptoms that purportedly support a more restrictive RFC. James, however, does not specifically identify which of this evidence was allegedly ignored by the ALJ. Rather, James summarily contends that "the ALJ did not weigh [all] the evidence." (*Id.* at 6.)

James's contention ignores the ALJ's actual discussion in her opinion. In reaching her conclusion as to James's RFC, the ALJ mentioned, among other things, James's testimony about imaging in 2005. Further, the ALJ indicated several times in her opinion that she considered all the evidence in the record. As aptly articulated in the R&R: "When the ALJ addressed the persuasive value of James's subjective complaints, she adequately articulated her reasoning. The ALJ described the evidence of record, explained that James's subjective complaints were generally unpersuasive and inconsistent, and then proceeded to articulate several pages of medical evidence and other findings to support her finding." (Doc. 13, at 21.)

In the end, James's objection is nothing more than a disagreement with how the ALJ weighed all the evidence in the record. This Court's review is limited to whether the ALJ's decision is supported by substantial evidence. *See DeLong*, 748 F.3d at 726. An ALJ's decision should not be reversed simply because other available evidence may support finding a more restrictive RFC. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the

4

claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

Similarly, James contends that the ALJ relied on nonexistent "inconsistencies" in James's testimony when finding that James's past work between 2003 and 2006 was performed at the light exertional level and, therefore, the ALJ's determination is not supported by substantial evidence. But here too, James ignores the ALJ's actual discussion in her opinion.

In reaching her finding, the ALJ indicated that she relied on James's work history report, which indicated that the heaviest and frequent weight James lifted between 2003 and 2006 was less than 10 pounds. The ALJ also cited James's testimony that this description of her work at the clinic between 2003 and 2006 was accurate. The ALJ acknowledged that James later testified that she did have to occasionally assist patients by pushing wheelchairs or helping patients in/out of chairs or on/off the exam tables between 2003 and 2006. The ALJ then discussed questioning James about this testimony that was inconsistent with her work history report. In the end, the ALJ explained exactly why she credited the work history report and James's initial testimony over the later contradictory testimony.

Again, James's objection is nothing more than a disagreement with how the ALJ weighed the evidence. While James seemingly disagrees that her testimony was inconsistent and offers an alternative explanation, she does not refute the testimony and work history report relied upon by the ALJ. That some evidence may support James's position does not warrant a rejection of the ALJ's findings that are otherwise supported by substantial evidence.

For all the aforementioned reasons, James's objections to the R&R are overruled.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFIRMED.

IT IS SO ORDERED.

                                                   /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated:  1/2/25